UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff/Petitioner,*<br><br>v.<br><br>AMBASSADOR CAPITAL MANAGEMENT, LLC, and DEREK H. OGLESBY,<br><br>*Defendants/Respondents.* | Docket No.: |

APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION
FOR AN ORDER UNDER SECTION 209(d) OF THE INVESTOR ADVISERS
ACT OF 1940, AND SECTION 42(d) OF THE INVESTMENT COMPANY ACT OF 1940,
<u>ENFORCING COMPLIANCE WITH A COMMISSION ORDER</u>

The Petitioner, Securities and Exchange Commission (the "Commission"), applies to this Court for an order pursuant to Section 209(d) of the Investor Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §80N-9(d), and Section 42(d) of the Investment Company Act of 1940 ("Investment Company Act"), 15 U.S.C. §80A-42(d), to enforce compliance by the Respondents, Ambassador Capital Management, LLC ("ACM") and Derek H. Oglesby ("Oglesby") (collectively "Respondents"), with a final decision issued against them on December 11, 2014. Respondents ACM and Oglesby were ordered to pay civil penalties in the amounts of $695,000 and $126,000, respectively.

In support of its Application, the Commission states as follows:

**INTRODUCTION**

1.      The Commission seeks by this Application to enforce an order of the Commission, which found that Respondents violated Sections 206(1) and (2) of the Advisers

Act, and Sections 34(b), 35(d) and 31(a), and Rules 22c-1, and 38a-1 of the Investment Company Act.

2. Respondents have failed to satisfy the civil penalties imposed upon them.

## PARTIES

3. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4. Ambassador Capital Management, LLC, is a Michigan limited liability company with its principal place of business in Detroit, Michigan.

5. Derek H. Oglesby, age 41, is a resident of Southfield, Michigan.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under Section 209(d) of the Advisers Act, and Section 42(d) of the Investment Company Act.

7. Venue lies in the United States District Court for the Eastern District of Michigan under Section 214 of the Advisers Act and Section 44 of the Investment Company Act. Respondents are "found" or are "inhabitants" of this District.

## STATEMENT OF RELEVANT FACTS

8. On November 26, 2013, the Commission entered its Order Instituting Administrative and Cease-and-Desist Proceedings ("OIP") against ACM and Oglesby pursuant to Sections 203(e) and 203(f) and 203(k) of the Advisers Act, and Sections 9(b) and 9(f) of the Investment Company Act. *See* Ex. 1.

9. The Commission alleged, in part, that Oglesby, an ACM portfolio manager, repeatedly made false statements regarding the level of risk in Ambassador Money Market Fund's ("AMMF") portfolio to its Board of Trustees. ACM and Oglesby failed to disclose to the

Board of Trustees of AMMF that ACM regularly exceeded its own internal maturity restrictions on portfolio securities; ACM failed to disclose that it repeatedly purchased portfolio securities without making a determination that the securities posed a minimal credit risk; Oglesby made false and misleading statements to the Board regarding AMMF's exposure to asset-backed commercial paper potentially affected by the Eurozone crisis in 2011; and ACM misled the Board regarding the issuer diversification of AMMF's portfolio.  ACM was also responsible for AMMF's failure to comply with three elements in Rule 2a-7 of the Investment Company Act.

10. On September 19, 2014, in a summary disposition, the administrative law judge issued his initial decision ("Initial Decision"), which found that evidence supported the Commission's allegations and ordered ACM and Oglesby to cease and desist violations of Sections 206(1) and (2) of the Advisers Act, and Sections 31(a), 34(b), and 35(d) and Rules 22c-1, 38a-1, and 31a-a of the Investment Company Act, and pay civil penalties in the amounts of $695,000 and 126,000, respectively.  *See* Ex. 2.

11. Neither ACM nor Oglesby petitioned for review of the Initial Decision.  On December 11, 2014, the Commission issued an Order ("Final Order") giving notice that the initial decision of the administrative law judge had become the final decision of the Commission with respect to ACM and Oglesby.  Neither Respondent appealed the Final Order.  *See* Ex. 3.

12. Respondents did not seek review of the Initial Decision or Final Order, and the time to do so has expired.

**ARGUMENT**

13. The Commission brings this proceeding under Section 209(d) of the Advisers Act and Section 42(d) of the Investment Company Act.  These provisions authorize the use of

summary proceedings, rather than plenary civil actions, to enforce Commission orders in district courts.

14. Proceedings under these provisions are summary in nature. *See e.g., SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003). In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

15. In such proceedings, the Respondent may not challenge the validity of the order the Commission seeks to enforce. *SEC v. Gerasimowicz*, 9 F. Supp.2d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a § 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *McCarthy* at 658.

16. These summary proceedings are commenced by service of an order to show cause and the application, rather than by service of a summons and a complaint. *SEC v. Stoecklein*, 2015 WL 6455602 at *1 (S.D. Cal. Oct. 26, 2015); *SEC v. Taber*, 2013 WL 6334375 at *1 (S.D.N.Y., Dec. 4, 2013); *SEC v. Markowski*, 2007 WL 2566247 at *1 (M.D. Fla. Aug. 31, 2007).

WHEREFORE, the Commission respectfully requests:

I.

That the Court enter an Order to Show Cause, directing Respondents to show cause why this Court should not enter an order enforcing their compliance with the Commission's Final Order.

II.

That the Court thereafter enter Judgment enforcing the Commission's Final Order and requiring:

a. ACM and Oglesby to pay civil penalties in the amounts of $695,000 and $125,000, respectively.

b. Interest accrued pursuant to 31 U.S.C. § 3137 from December 11, 2014, the date of the Order, to the date that this Court enters its order; and

c. Injunctive Relief.

III.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

IV.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

V.

That the Court order such other and further relief as may be just and proper.

Dated:  October 11, 2018

Respectfully submitted,

/s/   Christy J. White
Christy J. White (D.C. Bar No. 974102)
**U.S. Securities and Exchange Commission**
100 F Street, NE, Mail Stop 5628
Washington, DC 20549
Tel: 202-551-4502
Email: whitechr@sec.gov

- 6 -

**Local Counsel
Matthew Schneider
United States Attorney**

*/s/   Peter A. Caplan*
**Assistant U.S. Attorney**
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
Tel: 313-226-9784
P-30643
Email: peter.caplan@usdoj.gov