UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,                                                Civil Action No. 18-MC-51442

vs.                                                          HON. BERNARD A. FRIEDMAN

AMBASSADOR CAPITAL
MANAGEMENT, LLC and
DEREK H. OGLESBY,

    Defendants.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION
## FOR ORDER ENFORCING COMPLIANCE WITH A COMMISSION ORDER

        This matter is presently before the Court on the application of plaintiff Securities and Exchange Commission ("SEC") for an order enforcing compliance with its order imposing sanctions on defendants [docket entry 1]. Defendant Ambassador Capital Management, LLC ("ACM") has not responded, and the time for it to do so has expired. Defendant Oglesby has responded, and the SEC has filed a reply. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this matter without a hearing.

        In May 2014, SEC ALJ Cameron Elliot held an eight-day hearing on an SEC Order Instituting Administrative and Cease-and-Desist Proceedings against ACM and Oglesby. In September 2014, ALJ Elliot issued an 81-page initial decision finding that from 2009 to 2012 both ACM and Oglesby violated various provisions of the securities laws and assessing civil money penalties against them in the amount of $695,000 and $126,000, respectively. Pl.'s Appl. Ex. 2. In December 2014, after neither ACM nor Oglesby sought review of this decision by the SEC, the SEC issued a notice stating that ALJ Elliot's decision had become final. *Id.* Ex. 3. An aggrieved party

may obtain review of a final SEC decision by filing a petition within sixty days in the United States Court of Appeals for the circuit in which the aggrieved party resides or has his (or its) principal place of business, or for the District of Columbia Circuit, and that court has exclusive jurisdiction to affirm, modify, or set aside the order. *See* 15 U.S.C. § 80a-42(a). Neither ACM nor Oglesby sought such review. At that point, the SEC's decision was not only final but also unreviewable.

The SEC now seeks enforcement of its final decision. The Court has authority to grant the requested relief under 15 U.S.C. § 78u(e)(1).[1] *See S.E.C. v. Mohn*, 465 F.3d 647, 651 (6th Cir. 2006) (noting that § 78u(e) "implicates the entire Exchange Act, and permits the SEC to apply to the district court for enforcement of orders issued pursuant to any section in the Exchange Act"). In an enforcement action of this nature,

> [t]he merits of the ALJ's decision cannot be reviewed . . . . This is so because "[f]inal orders of the Commission are reviewable only in the United States Courts of Appeals." *Pinchas*, 421 F. Supp. 2d at 783 (citations and internal quotation marks omitted); *see also* 15 U.S.C. §§ 77i(a), 78y(a) (conferring exclusive jurisdiction over appeals from SEC final orders entered pursuant to the Securities Act and Exchange Act on the United States Courts of Appeals); *Altman v. S.E.C.*, 768 F. Supp. 2d 554, 558 (S.D.N.Y.2011) (recognizing that Courts of Appeals have exclusive jurisdiction over the appeals initiated by those aggrieved by SEC orders) *aff'd, Altman v. S.E.C.*, 687 F.3d 44 (2d Cir.2012) (per curiam).

*S.E.C. v. Gerasimowicz*, 9 F. Supp. 3d 378, 381 (S.D.N.Y. 2014).

---

[1] Section 78u(e)(1) states:

> Upon application of the Commission the district courts of the United States and the United States courts of any territory or other place subject to the jurisdiction of the United States shall have jurisdiction to issue writs of mandamus, injunctions, and orders commanding (1) any person to comply with the provisions of this chapter, the rules, regulations, and orders thereunder, . . .

2

Despite Oglesby's request that the Court review the merits, the Court has no authority to do so. As noted by the Ninth Circuit, "[b]y the time a § 21(e) [enforcement] application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *S.E.C. v. McCarthy*, 322 F.3d 650 (9th Cir. 2003). As noted above, Oglesby neglected to seek review of the ALJ's initial decision with the SEC, which caused the decision to become final. He then neglected to seek review of the final decision in the court of appeals, which caused the decision to become unreviewable. Therefore, the fairness or correctness of the SEC's decision are issues Oglesby may not raise now.

The Court will, however, comment on two of Oglesby's arguments which do not relate directly to the merits of the case. The first is that the case should be remanded under *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018), because ALJ Elliot was not properly appointed. While it is true that the Supreme Court held in that case that ALJ Elliot was not properly appointed (because he was appointed by staff and not by the SEC itself) and that it remanded that case "for a new hearing before a properly appointed official," it did so because the petitioner had made a "timely challenge" to the ALJ's appointment both before the SEC and in the court of appeals. *Id.* at 2055. Oglesby does not contend that he ever raised this issue before now, and now it is too late.

Oglesby's second argument is that the instant action is barred by the five-year limitations period set forth in 28 U.S.C. § 2462.[2] Oglesby has waived this argument by not

---

[2] Section 2462 states:

> Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is

3

challenging the SEC's final decision in the court of appeals. Moreover, he errs in arguing that the SEC initiated the instant action after the five-year limitations period had run. The limitations period begins to run "once the underlying administrative action establishing liability becomes final." *Mohn*, 465 F.3d at 654. The SEC's order in this matter became final on December 11, 2014, and it commenced the instant action less than five years later, on October 11, 2018. Oglesby's statute of limitations argument has no merit.

For these reasons, the Court concludes that the SEC is entitled to enforcement of its final order. Accordingly,

IT IS ORDERED that the SEC's application for an order enforcing compliance with its final order is granted. The SEC must submit a proposed order within seven days of the date of this order.


Dated: April 24, 2019  
    Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

---

found within the United States in order that proper service may be made thereon.